# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| AMY THOMPSON, | ) |
| | ) |
| Plaintiff, | )     2:16-cv-01343 |
| | ) |
| v. | ) |
| | ) |
| DOBBERSTEIN LAW FIRM, LLC, | ) |
| and DUKE CAPITAL, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the plaintiff, AMY THOMPSON, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, DOBBERSTEIN LAW FIRM, LLC, and DUKE CAPITAL, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. AMY THOMPSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Taos, County of Taos, State of New Mexico.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to First National Bank of Omaha (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Defendant, DUKE CAPITAL, LLC, purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DOBBERSTEIN LAW FIRM, LLC, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Wisconsin. Defendant's principal place of business is located in the State of Wisconsin. Defendant is registered as a limited liability company in the State of Wisconsin.

9. DUKE CAPITAL, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant's principal place of business is located in the State of Wisconsin. Defendant is registered as a limited liability company in the State of Wisconsin.

10. The principal purpose of Defendants business is the collection of debts allegedly owed to third parties.

11. Upon information and belief, Defendant, DOBBERSTEIN LAW FIRM, LLC was hired by DUKE CAPITAL, LLC to collect the Debt from Plaintiff.

12. Defendants regularly collect, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendants acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendants acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

16. On or about October 28, 2015, Defendants filed a lawsuit against Plaintiff in the Circuit Court of Dane County, State of Wisconsin, captioned as *Duke Capital, LLC v. Amy C. Thompson,* with case number 2015 SC 6767 (hereinafter, "the Dane County Lawsuit").

17. The Dane County Lawsuit was filed by Defendant, DOBBERSTEIN LAW FIRM, LLC on behalf of DUKE CAPITAL, LLC against Plaintiff relative to the Debt.

18. Defendant DOBBERSTEIN LAW FIRM, LLC represents DUKE CAPITAL, LLC in the Dane County Lawsuit.

19. On or about October 28, 2015, Defendants attempted to collect the Debt from Plaintiff by its filing of the Dane County Lawsuit against Plaintiff.

20. The Dane County Lawsuit was filed against Plaintiff in County of Dane, State of Wisconsin.

21. At the time Defendants filed the Dane County Lawsuit, Defendants listed Plaintiff's address in the pleadings it filed against Plaintiff as being in the City of Madison, which is located in the County of Dane, State of Wisconsin.

22. On or about October 28, 2015, Plaintiff did not reside in the County of Dane, State of Wisconsin.

23. On or about October 28, 2015, Plaintiff resided in the County of Taos, State of New Mexico.

24. Upon information and belief, on or prior to October 28, 2015, Defendants were cognizant that Plaintiff did not incur the Debt and/or sign the contract being sued upon while she was residing in the County of Dane, State of Wisconsin. At the time the underlying debt was allegedly incurred by Plaintiff, Plaintiff resided in the state of Florida.

25. Plaintiff did not reside in Dane County Wisconsin at the time the aforesaid Dane County lawsuit was initiated, and Plaintiff did not reside in Dane County Wisconsin at the time she allegedly incurred the initial debt.

26. By filing the Dane County Lawsuit against Plaintiff, Defendants initiated a legal action against Plaintiff relative to a Debt in a judicial district other than the judicial district where Plaintiff resided at the time Defendants filed the lawsuit.

27. In its attempts to collect the debt allegedly owed by Plaintiff to DUKE CAPITAL, LLC, Defendants violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Initiated a legal action on a debt against a consumer in a judicial district other that in which the consumer signed the contract being sued upon or in which the consumer resided at the commencement of the action in violation of 15 U.S.C. §1692i(a)(2)

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendants' violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AMY THOMPSON , by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**AMY THOMPSON**

By:    s/ Larry P. Smith
       Attorney for Plaintiff

Dated: October 6, 2016

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail:  lsmith@smithmarco.com